IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CARLOS EDWARD HILL, #144 528   \*

    Plaintiff,   \*

    v.   \* CIVIL ACTION NO. 2:05-CV-987-T
        (WO)
GLENN CAMP, *et al.*,   \*

    Defendants.   \*

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Carlos Hill ["Hill"], a state inmate, complains that his constitutional rights were violated during his employment with HB&G Building Products located in Troy, Alabama. Plaintiff names Glenn Camp, Human Resources Manager for HB&G Building Products, and HB&G Building Products, as defendants in this cause of action.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

In the instant complaint, Plaintiff asserts claims against a private individual and a private company for conduct which occurred during his employment with the private company through the work release program operated by the Alabama Department of Corrections. Specifically, Hill complains that Defendant Camp fired him from his job before conducting a thorough investigation into Hill's report of a dispute which occurred between him and another work release inmate on August 10, 2005. Hill seeks $2 billion for mental pain and suffering.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by persons acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original).

The only relevant nexus between Defendants and the State of Alabama is that the state operated the work release program through which defendant obtained his job with a private contractor. It is well established that acts of "private contractors do not become

the acts of the government [simply] by reason of their . . . engagement in . . . public contracts" regardless of whether such engagement is "significant or even total." *Rendell-Baker v. Kohn,* 457 U.S. 830, 841 (1982). It is irrelevant that the private entity contracts with the state prison system whose responsibility involves the incarceration of inmates which is a "function traditionally reserved for the state." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir.1991). Consequently, no state action exists with respect to internal employment matters and/or personnel decisions arising during employment with a private contractor. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1333-1335 (6th Cir. 1992) (where the State had no input on personnel actions within a privately run facility that provided mental health and rehabilitative services to a county, despite extensive funding, regulation, and oversight by the State, discharge of employees by private contractor was not state action); *Crowder v. Conlan,* 740 F.2d 447, 451 (6th Cir.1984) (personnel disciplinary action by privately run hospital with extensive state and county contacts held not state action because the State did not regulate personnel decisions of the hospital); *George v. Pacific-CSC Work Furlough,* 91 F.3d 1227, 1230-32 (9th Cir.1996) (terminated prison guard's § 1983 claim against private company operating correctional facility dismissed where the State had no input or regulation governing employment decisions regarding discipline or termination of company's employees); *Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 527 (2nd Cir.1996) ("The fact that a municipality is responsible for providing medical attention to persons held

in custody may make an independent contractor rendering such services a state actor within the meaning of § 1983 with respect to the services so provided ... but that fact does not make the contractor a state actor with respect to its employment decisions."); *Cunningham v. Southlake Ctr. for Mental Health, Inc.,* 924 F.2d 106, 107, 109 (7th Cir.1991) (counselor employed by privately run prison challenged termination under § 1983 but no state action found for employment actions by a private contractor). Thus, an inmate's mere employment with a state contractor does not convert the employer into a state actor. *Rendell-Baker*, 457 U.S. at 831-832, 834-835.

In light of the foregoing, it is clear that neither Glenn Camp nor HB&G Building Products are state actors. Consequently, the actions about which Plaintiff complains were not committed by persons acting under color of state law and cannot be considered state actions. Accordingly, the court concludes that the claims presented in Plaintiff's complaint lack an arguable basis in law and are, therefore, due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## CONCLUSION

For the reasons stated herein, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties may file objections to the Recommendation on or before November 14, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 1st day of November, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE